**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARK DICKERSON**                                                                           **PLAINTIFF**

**v.**                                              **CASE NO. 4-04-CV-1458**

**STATEN TRUCKING, INC., f/k/a
ISAAC STATEN d/b/a STATEN TRUCKING,
LEON BROWN, and
UNION PACIFIC RAILROAD COMPANY**                                             **DEFENDANTS**

**ORDER**

Presently before the Court is the Motion to Compel Further Responses to Interrogatories and Requests for Production filed by Plaintiff Mark Dickerson. Plaintiff avers that Defendant Union Pacific Railroad Company has not adequately responded to its propounded discovery requests. Union Pacific has objected to Plaintiff's Interrogatories Nos. 6-9, 11, 16, 17, 21 and 23, and Requests for Productions Nos. 1, 5-6, 10, 12, 14-16, 34, and 36 and has submitted no response to Plaintiff's third request for production of documents. Defendant objects to Plaintiff's discovery requests primarily on the grounds that the requested information is privileged under 23 U.S.C. § 409[1] and 49 U.S.C. § 20903.[2]

---

[1] The statute provides: "Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data."

[2] 49 U.S.C. § 20903 states: "No part of an accident or incident report filed by a railroad carrier under section 20901 of this title or made by the Secretary of Transportation under section 20902 of this title may be used in a civil action for damages resulting from a matter mentioned in the report."

The United States Supreme Court defined the boundaries of the § 409 privilege in *Pierce County, Wash. v. Guillen*, 537 U.S. 129, 123 S.Ct. 720 (2003). In *Guillen*, the Supreme Court outlined the legislative history of the statute:

> Beginning with the Highway Safety Act of 1966, Congress has endeavored to improve the safety of our Nation's highways by encouraging closer federal and state cooperation with respect to road improvement projects. To that end, Congress has adopted several programs to assist the States in identifying highways in need of improvements and in funding those improvements. Of relevance to this case is the Hazard Elimination Program (Program) which provides state and local governments with funding to improve the most dangerous sections of their roads. To be eligible for funds under the Program, a state or local government must undertake a thorough evaluation of its public roads. Specifically, § 152(a)(1) requires them to
> 'conduct and systematically maintain an engineering survey of all public roads to identify hazardous locations, sections, and elements, including roadside obstacles and unmarked or poorly marked roads, which may constitute a danger to motorists, bicyclists, and pedestrians, assign priorities for the correction of such locations, sections, and elements, and establish and implement a schedule of projects for their improvement.'
>
> Not long after the adoption of the Program, the Secretary of Transportation reported to Congress that the States objected to the absence of any confidentiality with respect to their compliance measures under § 152. According to the Secretary's report, the States feared that diligent efforts to identify roads eligible for aid under the Program would increase the risk of liability for accidents that took place at hazardous locations before improvements could be made. In 1983, concerned that the States' reluctance to be forthcoming and thorough in their data collection efforts undermined the Program's effectiveness, the United States Department of Transportation (DOT) recommended the adoption of legislation prohibiting the disclosure of information compiled in connection with the Program.
>
> To address the concerns expressed by the States and the DOT, in 1987, Congress adopted 23 U.S.C. § 409, which provided:
> 'Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any

> highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.'

537 U.S. at 133-34, 123 S.Ct. at 724-25 (citations omitted).

In considering the Congressional intent to facilitate candor between local governments and federal agencies to further highway safety, the Supreme Court noted the confusion of the lower courts as to the scope of the § 409 privilege. The Supreme Court pondered interpretations offered by the petitioner Pierce County, the respondents Guillen, and the interventor the United States. Pierce County argued that "a document initially prepared and then held by an agency (here the county sheriff) for purposes unrelated to § 152 becomes protected under § 409 when a copy of that document is collected by another agency (here the Public Works Department) for purposes of § 152." *Guillen*, 537 U.S. at 143, 123 S.Ct. at 729. Guillen urged a very limited reading which privileged "only materials actually created by the agency responsible for seeking federal funding for § 152 purposes." *Guillen*, 537 U.S. at 144, 123 S.Ct. at 730. The Supreme Court rejected these two positions, opting to adopt the interpretation presented by the United States:

> [Section] 409 protects all reports, surveys, schedules, lists, or data actually compiled or collected for § 152 purposes, but does not protect information that was originally compiled or collected for purposes unrelated to § 152 and that is currently held by the agencies that compiled or collected it, even if the information was at some point 'collected' by another agency for § 152 purposes. Under this interpretation, an accident report collected only for law enforcement purposes and held by the county sheriff would not be protected under § 409 in the hands of the county sheriff, even though that same report would be protected in the hands of the Public Works Department, so long as the department first obtained the report for § 152 purposes.

*Guillen*, 537 U.S. at 144, 123 S.Ct. at 730. The Supreme Court noted that "there is no reason to interpret § 409 as prohibiting the disclosure of information compiled or collected for purposes unrelated to § 152, held by government agencies not involved in administering § 152, if, before § 152 was adopted, plaintiffs would have been free to obtain such information from those very agencies." *Guillen*, 537 U.S. at 146, 123 S.Ct. at 731.

Based upon this precedent, the Court holds that any data or documents compiled by Defendant Union Pacific for purposes unrelated to "to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds" are outside the scope of the § 409 privilege, even if the data or documents were subsequently collected by a government agency for one of the aforementioned purposes. However, any information initially compiled or collected for a state or local government agency for a purpose related to federal-aid highway funds shall be protected by the § 409 privilege.

49 U.S.C. § 20903 provides a more limited form of privilege, protecting accident or incident reports filed by Union Pacific under 49 U.S.C. § 20901 or by the Secretary of Transportation under 49 U.S.C. § 20902. As Defendant has not provided sufficient information with respect to the nature of the documents it claims is protected by § 20903, the Court makes no ruling as to whether any claim of privilege applies.

The Court reminds Defendant Union Pacific that pursuant to Fed. R. Civ. P. 26(b)(5), it "shall make the [privilege] claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of

the privilege or protection." Any claims of privilege pursuant to 23 U.S.C. § 409, 49 U.S.C. § 20903, attorney-client relationship, or work-product doctrine, must include this Rule 26(b)(5) privilege log.

IT IS THEREFORE ORDERED that the Motion to Compel filed by Plaintiff Mark Dickerson (Dkt. #11) be, and it is hereby, GRANTED in part and DENIED in part. Defendant Union Pacific Railroad Company is hereby directed to supplement its responses to Plaintiff's Interrogatories Nos. 6-9, 11, 16, 17, 21, and 23, and Requests for Productions Nos. 1, 5-6, 10, 12, 14-16, 34, and 36, and to respond to Plaintiff's third request for production of documents. Any claims of privilege may be asserted, but shall comply with Fed. R. Civ. P. 26(b)(5).

Dated this 18th day of November, 2005.

                                            _/s/Garnett Thomas Eisele_____
                                            UNITED STATES DISTRICT JUDGE