IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| MARK DICKERSON, ) | |
| ) | |
| Plaintiff, ) | No.: 4:04-CV-1458 GTE |
| ) | |
| vs. ) | |
| ) | |
| UNION PACIFIC RAILROAD CO., et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTIONS IN LIMINE

COMES NOW PLAINTIFF, by and through his attorneys, and before trial and the selection of the jury in the above-mentioned cause, moves this Court in limine, to instruct defendants and their Counsel to abstain from and preclude them from using any pleading, testimony, remarks, questions, arguments, opening, statements or evidence which might inform the jury of the following facts:

1. <u>When and why Plaintiff hired and consulted with an attorney</u>.

Defendants should not be allowed to inquire as to when plaintiff has hired an attorney, when suit was filed or when he consulted with his attorneys because this would improperly suggest that it was improper for him to seek legal counsel and guidance and would unfairly prejudice the jury against plaintiff. The circumstances surrounding the timing of hiring an attorney is protected by the attorney/client privilege as well as being completely irrelevant to this lawsuit. Federal Rules of Evidence 501, 401 and 402. These references should not be allowed because:

> the right to seek the advice of counsel is so fundamental that, absent a justifiable reason and supporting evidence, counsel risks a reversal when attempting to discredit a litigant by cross-examining him about the time and circumstances of his having consulted with an attorney to discuss and exercise his legal rights.

Carlyle v. Lai, 783 S.W.2d 925, 928 (Mo.App. 1989).

    2.    <u>The alleged financial poverty of Staten and Plaintiff's financial condition.</u>

The courts have long held that it is improper for a party to introduce evidence of its ability to pay a compensatory verdict. <u>Esry v. Carden</u>, 328 Ark. 153, 942 S.W.2d 846, 849 (Ark. 1997); <u>Chess & Wymond Co. v. Wallis</u>, 134 Ark. 136, 203 S.W. 274, 275 (Ark. 1918). Evidence that Staten is a "small" company, is poor, or no longer operates as a sole proprietorship improperly suggests to the jury that this defendant is financially insolvent and appeals to jury sympathy. Additionally, the evidence is unfairly prejudicial, confusing, misleading to jurors, and would be a waste of time. Fed.R.Evid. 401, 402 and 403.

Similarly, the issue of Plaintiff's financial condition, including his home, vehicles, or other material possessions he owns, investments or other passive income is irrelevant and prejudicially tends to suggest to the jury that Plaintiff is not in need of compensation and should be excluded. Furthermore, the amount of his wife's earnings, such as is reflected on Plaintiff's tax returns should be excluded, as well as the fact that Plaintiff filed for bankruptcy, years before the subject incident. These items are irrelevant and prejudicial and should be excluded.

    3.    <u>Collateral Source and Railroad Retirement Benefits</u>

That Plaintiff has in the past received and/or will in the future be entitled to receive collateral source health insurance, or sickness, disability, and/or retirement benefits from the Railroad Retirement Board or other sources because such evidence is irrelevant, unduly prejudicial and violates the prohibition against collateral source evidence. The prohibition

should also include references to Plaintiff being placed on or receiving "disability" because this clearly connotes receipt of sickness or disability <u>benefits</u>.  All of this evidence should be excluded because this evidence is irrelevant, confusing, unduly, prejudicial, lacks any probative value, misleading and a waste of time.  FRE 401, 402, 403. Plaintiff incorporates herein his separate Memorandum of Law in Support, filed simultaneously herewith.

    4.    <u>That amount of compensation Plaintiff has requested in his Complaint or that he is asking for more financial damages than they expect to receive.</u>

Plaintiff's Complaint prays for judgment in excess of $1 million for compensatory and punitive damages against each defendant.  Pleadings are not evidence and the amount prayed for as relief "is in fact no part of the claim or cause of action stated." <u>Peitzman v. City of Illmo</u>, 141 F.2d 956, 962 (8th Cir. 1944).  The actual amount which Plaintiff will ask the jury to order defendants to pay as damages will not be determined until the close of the evidence.  Defendants should not be allowed to tell the jury that Plaintiff are seeking millions of dollars or similar statements to that effect or that they are asking for more than they expect to receive.  Such evidence is irrelevant, misleading, confusing, lacks probative value and is unfairly prejudicial.  The possible existence of any assumed probative value of this evidence, moreover, is substantially outweighed by the risk of the unfair prejudice.  FRE 401-03.

    5.    <u>Partial Payment of Medical Bills by Defendant Union Pacific</u>.

Plaintiff has incurred approximately $200,000 in medical bills for treatment related to the subject injuries, almost one-half of which amount has been paid by Plaintiff's work provided health insurance and/or by Union Pacific in part.  The fact that some of these bills has been paid is irrelevant and would result in jury confusion that likely would unjustifiedly limit the scope of Plaintiff's compensatory damages and exempt Defendants from full liability,

all to Plaintiff's great prejudice. Plaintiff has presented Defendants with the amounts of all paid and unpaid related medical bills and offered a stipulation for said amounts so that the evidence can be narrowly and fairly tailored for jury presentation that eliminates the risk of prejudice to any party. Accordingly, any evidence that amounts have been paid by health insurance or by Union Pacific is irrelevant and should be excluded.

Plaintiff's health insurance is provided as a compensation benefit from Union Pacific, pursuant to a union agreement and constitute a pure collateral source. Payment of the premiums are a component of his earned compensation, just as much as it would be if payment were from cash out of pocket. Since Union Pacific has contributed directly or indirectly to the payment of those paid medical bills, it would be entitled to a set off for any such amounts it has paid, if those amounts are introduced into evidence. Union Pacific would be liable, without offset for any amounts which remain unpaid at the time of trial, as well as any amounts paid by Plaintiff directly. The offset should be subject to stipulation, but the jury need not be informed of same.

However, Defendant Staten Trucking is liable to Plaintiff for BOTH the amounts paid by health insurance and/or by Union Pacific, as well as any outstanding charges and those amounts paid directly by Plaintiff. Staten is not entitled to any offset, since it has not contributed to these payments. The collateral source rule governs this matter. Additionally, the amounts paid by health insurance and/or Union Pacific are subject to a claim for subrogation or reimbursement. In other words, Plaintiff has liability to pay back such amounts to the health insurer, in the event of a recovery against Staten. Plaintiff recognizes that state law limits his recovery against Staten to the amount of those bills actually paid by a collateral source plus any amount paid by Plaintiff directly and the unpaid amounts.

All of these matters can be addressed by the parties and the Court via stipulation and these matters should be excluded from evidence because same is irrelevant to the issues under their consideration, would be confusing, and be prejudicial to Plaintiff since the evidence could result in an improper reduction of Plaintiff's damages in the case and violate the collateral source rule.

6. <u>Any Expert Opinion Testimony Not Properly Disclosed During Discovery</u>.

The only expert opinion testimony disclosed by Defendants is that of medical doctor, Steven Cathey, who conducted an independent medical evaluation, produced a written report and who was produced for deposition. Defendants should be precluded from introducing any other expert opinion testimony since it has not been disclosed in conformance with the applicable rules of civil procedure or the Court's scheduling orders.

Respectfully submitted,

| | |
|---|---|
| OGLESBY LAW FIRM, P.A. | SCHLICHTER, BOGARD & DENTON |
| EDWARD T. OGLESBY, AR Bar #89158 | /s/ Nelson G. Wolff |
| 100 MORGAN KEEGAN, SUITE 110 | NELSON G. WOLFF |
| LITTLE ROCK, AR 72202 | AR Bar 2006002, Fed Bar#37998 |
| **edward@oglesbylaw.com** | 100 SOUTH FOURTH ST., SUITE 900 |
| (501) 664-1000 | ST. LOUIS, MISSOURI 63102 |
| (501) 664-1012 FAX | **nwolff@uselaws.com** |
| | (314) 621-6115 |
| | (314) 621-7151 FAX |

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

5

   I hereby certify that a true and accurate copy of the foregoing document have been delivered to the parties through their respective counsel via electronic filing notice on this 14th day of April, 2006 as follows:

Scott Lancaster
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
**slancaster@fec.net**

J. Cotten Cunningham
101 South Spring St., Suite 300
Little Rock, Arkansas 72201-2488
**ccunningham@laserlaw.com**

                 /s/ Nelson G. Wolff